No. 24-11892

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

───────────────────────────

HISPANIC FEDERATION, PODER LATINX, VERÓNICA HERRERA-LUCHA, NORKA MARTÍNEZ, and A. DOE,

*Plaintiffs-Appellees*,

v.

CORD BYRD, in his official capacity as Florida Secretary of State, and ASHLEY MOODY, in her official capacity as Florida Attorney General,

*Defendants-Appellants.*

───────────────────────────

On Appeal from the United States District Court
for the Northern District of Florida
No. 4:23-cv-00218-MW-MAF (Hon. Mark Walker)

───────────────────────────

**PLAINTIFFS-APPELLEES' RESPONSE TO DEFENDANTS-APPELLANTS' MOTION TO HAVE JUDGES WILSON, GRANT, AND LAGOA PRESIDE OVER THE APPEAL**

───────────────────────────

Roberto Cruz (FBN 18436)
Delmarie Alicea (FBN 1024650)
Miranda Galindo (FBN 1039848)
LATINOJUSTICE PRLDEF
4700 Millenia Blvd. Suite 500
Orlando, FL 32839
(321) 754-1935

Cesar Z. Ruiz
LATINOJUSTICE PRLDEF
475 Riverside Drive, Suite 1901
New York, NY 10115

Adriel I. Cepeda Derieux*†
Megan C. Keenan*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
915 15th Street NW
Washington, DC 20005
(212) 549-2500

Julie A. Ebenstein (FBN 91033)
Dayton Campbell-Harris*
Victoria Ochoa*
Sophia Lin Lakin*

*Additional Counsel Listed on Inside Cover*

(212) 392-4752

Phi Nguyen*
Roni Druks*
DĒMOS
80 Broad Street, 4th Floor
New York, NY 10004
(212) 485-6065

John A. Freedman
Jeremy Karpatkin
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., N.W.
Washington, DC 20001
(202) 942-5316


\* *Admitted Pro Hac Vice*
† *Practice Limited to Federal Court*

AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
(212) 549-2500

Nicholas L.V. Warren
ACLU FOUNDATION OF FLORIDA
1809 Art Museum Drive, St. 203
Jacksonville, FL 32207
(786) 363-1769

Daniel B. Tilley
Caroline A. McNamara
ACLU FOUNDATION OF FLORIDA
4343 W Flagler St., Suite 400
Miami, FL 33134
(786) 363-2714

Evan Preminger*
Rayne Ellis*
ARNOLD & PORTER KAYE SCHOLER LLP
250 W. 55th Street
New York, NY 10019
(212) 836-7786

*Hispanic Federation, et al. v. Fla. Sec'y of State et al.,*
24-11892

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Circuit Rule 26.1, Plaintiffs-Appellees submit the following statement of their corporate interests:

1. Plaintiff Hispanic Federation has no parent corporation or any other publicly held corporation owning 10% or more of its stock.

2. Plaintiff Poder Latinx is a fiscally sponsored project of Tides Advocacy, a California nonprofit benefit corporation. Tides Advocacy has no parent corporation, and no publicly held corporation owns 10% or more of its stock.

3. All other Plaintiffs are individual persons.

Plaintiffs-Appellees further certify that the following persons have an interest in the outcome of this case:

1. Alicea, Delmarie, *Counsel for Plaintiffs*

2. Beato, Michael, *Counsel for Defendant*

3. Bell, Daniel W., *Counsel for Defendant*

4. Byrd, Cord, *Defendant*

5. Campbell-Harris, Dayton, *Counsel for Plaintiffs*

6. Cepeda Derieux, Adriel I., *Counsel for Plaintiffs*

7. Chappell, David W., *Counsel for Defendant*

8. Cruz, Roberto, *Counsel for Plaintiffs*

9. Darlington, Andrew, *Declarant for Defendants*

10. Davis, Ashley, *Counsel for Defendant*

11. Ebenstein, Julie A., *Counsel for Plaintiffs*

12. Ellis, Rayne, *Counsel for Plaintiffs*

13. Freedman, John A., *Counsel for Plaintiffs*

14. Galindo, Miranda, *Counsel for Plaintiffs*

15. Herrera-Lucha, Verónica, *Plaintiff*

16. Hispanic Federation, *Plaintiff*

17. Jazil, Mohammad O., *Counsel for Defendant*

18. Karpatkin, Jeremy, *Counsel for Plaintiffs*

19. Keenan, Megan C., *Counsel for Plaintiffs*

20. Lin Lakin, Sophia, *Counsel for Plaintiffs*

21. Martínez, Norka, *Plaintiff*

22. McNamara, Caroline A., *Counsel for Plaintiffs*

23. McVay, Bradley, *Counsel for Defendant*

24. Moody, Ashley, *Defendant*

25. Morse, Stephanie, *Counsel for Defendant*

26. Ochoa, Victoria, *Counsel for Plaintiffs*

27. Pico, Elizabeth, *Plaintiff*

28. Poder Latinx, *Plaintiff*

*Hispanic Federation, et al. v. Fla. Sec'y of State et al.,*
24-11892

29. Preminger, Evan, *Counsel for Plaintiffs*

30. Ruiz, Cesar Z., *Counsel for Plaintiffs*

31. Schenck, Robert S., *Counsel for Defendant*

32. Sjostrom, Noah, *Counsel for Defendant*

33. Tilley, Daniel B., *Counsel for Plaintiffs*

34. Van de Bogart, Joseph S., *Counsel for Defendant*

35. Walker, Mark E., *U.S. District Court Judge*

36. Warren, Nicholas L.V., *Counsel for Plaintiffs*

37. Whitaker, Henry C., *Counsel for Defendant*

## PLAINTIFFS-APPELLEES' RESPONSE TO DEFENDANTS-APPELLANTS' MOTION TO HAVE JUDGES WILSON, GRANT, AND LAGOA PRESIDE OVER THE APPEAL

Plaintiffs-Appellees oppose consolidating this appeal with the appeal docketed at No. 23-12313, as Defendants-Appellants suggest the Court could do in their Motion to have Judges Wilson, Grant, and Lagoa preside over this appeal (the "Motion"). ECF No. 25. Plaintiffs-Appellees take no position on Defendants-Appellants' request for that panel to preside over this appeal.

1. On June 24, 2024, Plaintiffs-Appellees filed a motion to dismiss the 23-12313 appeal as moot. *See* Mot. to Dismiss Interlocutory Appeal as Moot and for Lack of Jurisdiction, *Hisp. Fed. v. Byrd*, No. 23-12313, ECF No. 74. That appeal arose from the district court's entry of a preliminary injunction. *See Fla. State Conf. of Branches & Youth Units of the NAACP v. Byrd*, 680 F. Supp. 3d 1291 (N.D. Fla. 2023). The district court has since entered a permanent injunction and judgment following a seven-day bench trial. *Hisp. Fed. v. Byrd*, --- F. Supp. 3d ---, 2023 WL 2206328 (N.D. Fla. May 15, 2024). That judgment makes permanent the same relief the district court had previously granted preliminarily.

2. Consolidation would therefore be improper because a permanent injunction "stripped th[e] Court of its jurisdiction over [the No. 23-12313] appeal." *Birmingham Fire Fighters Ass'n 117 v. City of Birmingham*, 603 F.3d 1248, 1255 (11th Cir. 2010). "The purpose of a preliminary injunction is merely to preserve the

1

relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). Trial has now been held and a permanent injunction and judgment entered. The appealed-from injunction in Case No. 23-12313 has therefore "dissolved." *AcryliCon USA, LLC v. Silikal GmBH*, 985 F.3d 1350, 1361 n.25 (11th Cir. 2021). Thus, Plaintiffs-Appellees oppose consolidation because there is simply no appeal left to consolidate into this one: "an appeal from the grant of a preliminary injunction becomes moot when the trial court enters a permanent injunction, because the former merges into the latter." *Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308, 314 (1999).

3. Any panel presiding over this appeal should have the full trial record before it, in an "appeal properly taken from the final judgment, not the preliminary injunction." *Burton v. Georgia*, 953 F.2d 1266, 1272 n.9 (11th Cir. 1992). The Court will benefit from full briefing and argument based on the trial record undergirding the district court's entry of a permanent injunction, which now presents "the only issues properly before [the Court]." *Assoc. Builders & Contractors Fla. E. Coast Chapter v. Miami-Dade Cnty.*, 594 F.3d 1321, 1324 (11th Cir. 2010) (per curiam).

4. Further, while Defendants-Appellants do not address the issue, the preliminary-injunction appeal they suggest ought to be "consolidated" into this one (*i.e.*, No. 23-12313) was—at Defendants-Appellants' request—itself consolidated

2

with another appeal (*i.e.*, No. 23-12308).[1]  Appeal No. 23-12308, in part, also addresses the same legal issues presented now in this appeal, and in the same preliminary injunctive posture as appeal No. 23-12313.  Indeed, because it was consolidated with *Hisp. Fed. v. Fla. Sec'y of State*, No. 23-12313, as Defendants-Appellants' Motion explains, Judges Wilson, Grant, and Lagoa also "presided over, read the briefs, and conducted oral arguments" in *Fla. State Conf. of Branches & Youth Units v. Fla. Sec'y of State*, No. 23-12308.  ECF No. 25, at 1.

5. Appeal No. 23-12308 remains pending before Judges Wilson, Grant, and Lagoa. However, unlike appeal No. 23-12313, the district court has not, to date, entered a permanent injunction in the underlying case from which appeal No. 23-12308 was taken.

6. Thus, insofar as Defendants-Appellants or the Court are prudently concerned about judicial efficiency (*see* Mot., ECF No. 25, at 1), Plaintiffs-Appellees respectfully submit that this appeal (*i.e.*, No. 24-11892) should be administratively held in abeyance until the time to appeal final decisions in other cases that were consolidated for trial below—*i.e.*, *Fla. State Conf. of Branches & Youth Units of the NAACP v. Byrd*, No. 4:23-cv-00215 (N.D. Fla.), and *League of*

---

[1] *See* Mot. to Consolidate Appeals 23-12308 & 23-12313, *Fla. State Conf. of Branches & Youth Units v. Fla. Sec'y of State*, No. 23-12308, ECF No. 30 (11th Cir. Aug. 21, 2023); *see also* Order, *Fla. State Conf. of Branches & Youth Units v. Fla. Sec'y of State*, No. 23-12308, ECF No. 38 (11th Cir. Oct. 12, 2023).

3

*Women Voters of Fla. v. Byrd*, No. 4:23-cv-00216 (N.D. Fla.)—expires. The Court may then consolidate this appeal with appeals of decisions in those district court cases if Defendants-Appellants seek review as to them as well, as they have suggested they will.[2] Notably, Defendants-Appellants appear to agree with this suggestion. *See* Resp. to Mtn. to Dismiss, *Hisp. Fed. v. Fla. Sec'y of State*, No. 23-12313, ECF No. 75 (11th Cir. July 5, 2024).

7. As to whether the panel that presided over appeal No. 23-12313 should preside over this one, as noted, Plaintiffs-Appellees take no position.

Dated: July 5, 2024                                          Respectfully submitted,

/s/ *Adriel I. Cepeda Derieux*

Roberto Cruz (FBN 18436)                         Adriel I. Cepeda Derieux* †
Delmarie Alicea (FBN 1024650)                Megan C. Keenan*
Miranda Galindo (FBN 1039848)            AMERICAN CIVIL LIBERTIES
LATINOJUSTICE PRLDEF                            UNION FOUNDATION
4700 Millenia Blvd. Suite 500                      915 15th Street NW
Orlando, FL 32839                                       Washington, DC 20005
(321) 754-1935                                             (212) 549-2500

Cesar Z. Ruiz                                                 Julie A. Ebenstein (FBN 91033)
Ghita Schwarz*                                            Dayton Campbell-Harris*
LATINOJUSTICE PRLDEF                            Victoria Ochoa*
475 Riverside Drive, Suite 1901                 Sophia Lin Lakin*

---

[2] *See* Secretary of State's Resp. to Supp. Authority, *Hisp. Fed. v. Byrd*, No. 23-12313, ECF No. 73 (11th Cir. May 16, 2024) (noting "[o]nce the district court issues its orders in all SB7050 cases, the Secretary intends to file notices of appeal, and then move to consolidate the cases before the panel that heard the appeals in [Cases Nos. 23-12308 & 23-12313]").

4

New York, NY 10115
(212) 392-4752

Phi Nguyen*
Roni Druks*
DĒMOS
80 Broad Street, 4th Floor
New York, NY 10004
(212) 485-6065
ekonor@demos.org

John A. Freedman*
Jeremy Karpatkin
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., N.W.
Washington, DC 20001
(202) 942-5316


*  *Admitted Pro Hac Vice*
†  *Practice Limited to Federal Court*

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
(212) 549-2500

Nicholas L.V. Warren
ACLU FOUNDATION OF FLORIDA
1809 Art Museum Drive, St. 203
Jacksonville, FL 32207
(786) 363-1769

Daniel B. Tilley
Caroline A. McNamara
ACLU FOUNDATION OF FLORIDA
4343 W Flagler St., Suite 400
Miami, FL 33134
(786) 363-2714

Evan Preminger*
Rayne Ellis*
ARNOLD & PORTER KAYE SCHOLER LLP
250 W. 55th Street
New York, NY 10019
(212) 836-7786

5

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of FRAP 32, because, excluding the parts of the document exempted by FRAP 32(f), this document contains 1,724 words. This document complies with the typeface requirements of FRAP 32(a)(5) and the type-style requirements of FRAP 32(a)(6).

Dated: July 5, 2024                                     Respectfully submitted,

                                                        /s/ *Adriel I. Cepeda Derieux*