No. 24-11892 (consolidated with 25-12813)

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

*Hispanic Federation, et al.*,
Plaintiffs-Appellees,

v.

*Florida Secretary of State, et al.*,
Defendants-Appellants.

U.S. District Court for the Northern District of Florida, Nos. 4:23-cv-215-MW-MAF,
4:23-cv-216-MW-MAF, and 4:23-cv-218-MW-MAF
(Walker, J.)

## DEFENDANTS-APPELLANTS FLORIDA SECRETARY OF STATE
## AND FLORIDA ATTORNEY GENERAL'S REPLY BRIEF

William H. Stafford III
Stephanie Morse
OFFICE OF THE ATTORNEY GENERAL
PL-01, The Capitol
Tallahassee, Florida 32399
(850) 414-3300

Mohammad O. Jazil
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK PLLC
119 South Monroe Street, Suite 500
Tallahassee, Florida 32301
(850) 274-1690

*Counsel for the Florida Attorney General*

*Counsel for the Florida Secretary of State*

*Hispanic Federation, et al. v. Florida Secretary of State, et al.*

No. 24-11892 (consolidated with 25-12813)

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

Per Rule 26.1 and Circuit Rule 26.1-1 to 26.1-3, Defendants-Appellants Florida Secretary of State and Florida Attorney General certify that the following have an interest in the outcome of this case. Note that "Defendant(s)," as opposed to "Defendants-Appellants," refers to defendants in the case, other than the Florida Secretary of State and Florida Attorney General.

1.    ACLU Foundation of Florida, *Attorneys for Plaintiffs-Appellees*

2.    Adkins, Janet, *Defendant*

3.    Alachua County Attorney's Office, *Attorneys for Defendant*

4.    Alianza Center, *Plaintiff-Appellee*

5.    Alianza for Progress, *Plaintiff-Appellee*

6.    Alicea, Delmarie, *Attorney for Plaintiffs-Appellees*

7.    American Civil Liberties Union Foundation, *Attorneys for Plaintiffs-Appellees*

8.    Andersen, Mark, *Former Defendant*

9.    Anderson, Chris, *Former Defendant*

10.    Anderson, Shirley, *Defendant*

11.    Arnold & Porter Kaye Scholer LLP, *Attorneys for Plaintiffs-Appellees*

12.    Arnold, Melissa, *Former Defendant*

13.    Arrington, Mary Jane, *Defendant*

*Hispanic Federation, et al. v. Florida Secretary of State, et al.*
No. 24-11892 (consolidated with 25-12813)

14.    Artasanchez, Santiago, *Former Plaintiff*

15.    Babis, Olivia, *Declarant for Plaintiffs-Appellees*

16.    Baird, Maureen, *Defendant*

17.    Bardos, Andy, *Attorney for Defendants*

18.    Barton, Kim, *Defendant*

19.    Bell, Melony, *Defendant*

20.    Bender, Robert, *Defendant*

21.    Bennett, Michael, *Former Defendant*

22.    Bentley & Bruning, *Attorneys for Defendants*

23.    Bentley, Morgan, *Attorney for Defendants*

24.    Blazier, Melissa, *Defendant*

25.    Bledsoe, William, *Attorney for Defendant*

26.    Bobanic, Tim, *Defendant*

27.    Boettcher, Ellen, *Attorney for Plaintiffs*

28.    Brazil & Dunn, *Attorneys for Plaintiffs in Consolidated Case*

29.    Broward County Attorney's Office, *Attorneys for Defendant*

30.    Byrd, Cord, Florida Secretary of State, *Defendant-Appellant*

31.    Campaign Legal Center, *Attorneys for Plaintiffs in Consolidated Case*

32.    Campbell-Harris, Dayton, *Attorney for Plaintiffs-Appellees*

33.    Cannon, Starlet, *Former Defendant*

34.    Castor Dentel, Karen, *Defendant*

*Hispanic Federation, et al. v. Florida Secretary of State, et al.*
No. 24-11892 (consolidated with 25-12813)

35.    Cepeda Derieux, Adriel, *Attorney for Plaintiffs-Appellees*

36.    Chaires, Darbi, *Defendant*

37.    Chambless, Chris, *Defendant*

38.    Chason, Sharon, *Defendant*

39.    Conyers, Grant, *Defendant*

40.    Copper, Alexandra, *Attorney for Plaintiffs*

41.    Corley, Brian, *Defendant*

42.    Cowles, Bill, *Former Defendant*

43.    Cruz, Roberto, *Attorney for Plaintiffs-Appellees*

44.    Cycon, John, *Attorney for Defendants-Appellants*

45.    Darlington, Andrew, *Declarant for Defendants-Appellants*

46.    Darus, Lisa, *Defendant*

47.    Davis, Ashley, *Attorney for Defendant-Appellant*

48.    Davis, Vicki, *Defendant*

49.    Demos, *Attorneys for Plaintiffs-Appellees*

50.    Diaz, Jonathan Michael, *Attorney for Plaintiffs*

51.    Disability Rights Florida, *Plaintiff-Appellee*

52.    Doe, A, *Former Plaintiff*

53.    Doe, B, *Former Plaintiff*

54.    Doyle, Tommy, *Defendant*

55.    Driggers, Heath, *Defendant*

*Hispanic Federation, et al. v. Florida Secretary of State, et al.*
No. 24-11892 (consolidated with 25-12813)

56.    Dunaway, Carol, *Defendant*

57.    Dunn, Chad, *Attorney for Plaintiffs*

58.    Earley, Mark, *Defendant*

59.    Ebenstein, Julie, *Attorney for Plaintiffs-Appellees*

60.    Edwards, Lori, *Former Defendant*

61.    Elliot, Monica, *Declarant for Plaintiffs*

62.    Equal Ground Education Fund, *Former Plaintiff*

63.    Erdelyi, Susan, *Attorne for Defendants*

64.    Erdelyi, Susan, *Attorney for Defendants*

65.    Escambia County Attorney's Office, *Attorneys for Defendant*

66.    Farnam, Aletris, *Defendant*

67.    Farnham, Aletris, *Defendant*

68.    Farrington, Scott, *Defendant*

69.    Ferguson, Robert, *Attorney for Plaintiffs*

70.    Fitzpatrick, Martin A., *U.S. Magistrate Judge*

71.    Florez, Johana, *Declarant for Plaintiffs*

72.    Florida Alliance for Retired Americans, *Plaintiff-Appellee*

73.    Florida Attorney General's Office, *Attorneys for Defendant-Appellant*

74.    Florida Department of State, *Attorneys for Defendant-Appellant*

75.    Florida State Conference of Branches and Youth Units of the NAACP,

       *Plaintiff-Appellee*

*Hispanic Federation, et al. v. Florida Secretary of State, et al.*
No. 24-11892 (consolidated with 25-12813)

76.  Freedman, John, *Attorney for Plaintiffs-Appellees*

77.  Galindo, Miranda, *Attorney for Plaintiffs-Appellees*

78.  Garcia, Alina, *Defendant*

79.  Gardner Bist Bowden, *Attorneys for Defendants*

80.  GrayRobinson PA, *Attorneys for Defendants*

81.  Griffin, Joyce, *Former Defendant*

82.  Hankins, Christi Jo, *Attorney for Defendant*

83.  Hanlon, John, *Defendant*

84.  Hanson, Corbin, *Attorney for Defendant*

85.  Hart, Travis, *Defendant*

86.  Hass, Brian, *Defendant*

87.  Hays, Alan, *Defendant*

88.  Healy, Karen, *Defendant*

89.  Healy, Karen, *Defendant*

90.  Henderson Fanklin Starnes, *Attorneys for Defendants*

91.  Hernando County Attorney's Office, *Attorneys for Defendant*

92.  Herrera-Lucha, Veronica, *Plaintiff-Appellee*

93.  Herron, Mark, *Attorney for Defendant*

94.  Hillsborough County Attorney's Office, *Attorneys for Defendant*

95.  Hispanic Federation, *Plaintiff-Appellee*

96.  Hodie, Sherri, *Defendant*

*Hispanic Federation, et al. v. Florida Secretary of State, et al.*
No. 24-11892 (consolidated with 25-12813)

97.  Hogan, Mike, *Former Defendant*

98.  Holland, Jerry, *Defendant*

99.  Holtzman Vogel Baran Torchinsky & Josefiak, *Attorneys for Defendant-Appellant*

100.  Hoots, Brenda, *Defendant*

101.  Hutto, Laura, *Defendant*

102.  Hutto, Laura, *Defendant*

103.  Jarone, Joseph, *Attorney for Defendant*

104.  Jazil, Mohammad, *Attorney for Defendant-Appellant*

105.  Jonas, Sarah, *Attorney for Defendant*

106.  Jones, Tammy, *Defendant*

107.  Joshi, Raghav Vikas, *Declarant for Plaintiffs-Appellees*

108.  Jouben, Jon, *Attorney for Defendants*

109.  Kahn, Jared, *Attorney for Defendant*

110.  Karpatkin, Jeremy, *Attorney for Plaintiffs-Appellees*

111.  Katzman, Adam, *Attorney for Defendant*

112.  Keen, William, *Defendant*

113.  Keenan, Megan, *Attorney for Plaintiffs-Appellees*

114.  Khanna, Abha, *Attorne for Plaintiffs-Appellees*

115.  King, Blackwell, Zehnder & Wermuth P.A., *Attorneys for Plaintiffs-Appellees*

116.  Kinsey, Jennifer, *Defendant*

*Hispanic Federation, et al. v. Florida Secretary of State, et al.*
No. 24-11892 (consolidated with 25-12813)

117. Klitsberg, Nathaniel, *Attorney for Defendant*

118. Knight, Shirley, *Defendant*

119. Konor, Estee, *Attorney for Plaintiffs-Appellees*

120. Lakin, Sophia, *Attorney for Plaintiffs-Appellees*

121. Lang, Danielle, *Attorney for Plaintiffs*

122. Lapinig, Christopher, *Attorney for Plaintiffs*

123. Latimer, Craig, *Defendant*

124. Latimer, Craig, *Defendant*

125. LatinoJustice PRLDEF, *Attorneys for Plaintiffs-Appellees*

126. Lavancher, Denise, *Defendant*

127. Lavia III, John, *Attorney for Defendant*

128. League of Women Voters of Florida Education Fund, Inc., *Plaintiff*

129. League of Women Voters of Florida, Inc., *Plaintiff*

130. Leeper, Simone, *Attorney for Plaintiffs*

131. Leinhart, Kaitlyn, *Defendant*

132. Lenhart, Kaiti, *Former Defendant*

133. Lewis, Lisa, *Defendant*

134. Link, Wendy, *Defendant*

135. Lux, Paul, *Defendant*

136. Madduri, Lalitha, *Attorney for Plaintiffs-Appellees*

137. Marcus, Julie, *Defendant*

*Hispanic Federation, et al. v. Florida Secretary of State, et al.*
No. 24-11892 (consolidated with 25-12813)

138.  Mari, Frank, *Attorney for Defendant*

139.  Marks Gray P.A., *Attorneys for Defendants*

140.  Martinez, Norka, *Plaintiff-Appellee*

141.  May, David, *Defendant*

142.  McCrory, Hill, *Declarant for Plaintiffs*

143.  McNamara, Caroline, *Attorney for Plaintiffs-Appellees*

144.  Meadows, Therisa, *Former Defendant*

145.  Messer Caparello & Self PA, *Attorneys for Defendant*

146.  Messer, Ryan, *Defendant*

147.  Miami-Dade Supervisor of Elections Office, *Attorneys for Defendant*

148.  Milligan, Michelle, *Defendant*

149.  Milton, Christopher, *Defendant*

150.  Mobley, Valerie, *Declarant for Plaintiffs*

151.  Morgan, Joseph, *Defendant*

152.  Morse, Stephanie, *Attorney for Defendant-Appellant*

153.  Nabors Giblin & Nickerson PA, *Attorneys for Defendant*

154.  Negley, Mark, *Former Defendant*

155.  Nguyen, Phi, *Attorney for Plaintiffs-Appellees*

156.  Nordlund, Jared, *Declarant for Plaintiffs-Appellees*

157.  Nweze, Adora Obi, *Declarant for Plaintiffs-Appellees*

158.  O'Donnell, Renata, *Attorney for Plaintiffs-Appellees*

*Hispanic Federation, et al. v. Florida Secretary of State, et al.*
No. 24-11892 (consolidated with 25-12813)

159. Oakes, Vicky, *Defendant*

160. Office of the General Counsel, City of Jacksonville, *Attorneys for Defendant*

161. Olivo III, Geraldo, *Attorney for Defendants*

162. Ortega, Michael, *Attorney for Plaintiffs*

163. Osborne, Deborah, *Defendant*

164. Osbourne, Deborah, *Former Defendant*

165. Overturf, Charles, *Defendant*

166. Pennock, Amy, *Defendant*

167. Pettis, Deidra, *Defendant*

168. Pico, Elizabeth, *Plaintiff-Appellee*

169. Pierce, Rhonda, *Defendant*

170. Pinellas County Attorney's Office, *Attorneys for Defendant*

171. Pinkstaff, Tiffiny, *Attorney for Defendant*

172. Poder Latinx, *Plaintiff-Appellee*

173. Preminger, Evan, *Attorney for Plaintiffs-Appellees*

174. Prieto, Humberto Orjuela, *Plaintiff-Appellee*

175. Reynolds Perez, Devona, *Attorney for Defendant*

176. Riley, Heather, *Defendant*

177. Riley, Heather, *Former Defendant*

178. Roper Townsend & Sutphen, *Attorneys for Defendants*

179. Rosenthal, Oren, *Attorney for Defendant*

*Hispanic Federation, et al. v. Florida Secretary of State, et al.*
No. 24-11892 (consolidated with 25-12813)

180.  Rudd, Carol, *Former Defendant*

181.  Ruiz, Cesar, *Attorney for Plaintiffs-Appellees*

182.  Rutahindurwa, Makeba, *Attorney for Plaintiffs-Appellees*

183.  Sanchez, Connie, *Defendant*

184.  Sanchez, Esperanza, *Former Plaintiff*

185.  Schenck, Robert, *Attorney for Defendant-Appellant*

186.  Scott, Dale, *Attorney for Defendant*

187.  Scott, Dale, *Attorney for Defendant*

188.  Scott, Joe, *Defendant*

189.  Seyfang, Amanda, *Defendant*

190.  Shaud, Matthew, *Attorney for Defendant*

191.  Slater, Cynthia, *Declarant for Plaintiffs-Appellees*

192.  Smith, Diane, *Defendant*

193.  Smith, Diane, *Defendant*

194.  Southerland, Dana, *Defendant*

195.  Stafford, David, *Former Defendant*

196.  Stafford III, William, *Attorney for Defendant-Appellant*

197.  Stewart, Gregory, *Attorney for Defendant*

198.  Stinson-Brown, Tomi, *Defendant*

199.  Swain, Robert, *Attorney for Defendant*

200.  Swan, Leslie, *Defendant*

*Hispanic Federation, et al. v. Florida Secretary of State, et al.*
No. 24-11892 (consolidated with 25-12813)

201.  Taghdiri, Pausha, *Attorney for Defendants*

202.  Tartaglia, Melissa, *Attorney for Defendants*

203.  Taylor, Sherry, *Defendant*

204.  Tessitore Mari Scott PLLC, *Attorneys for Defendant*

205.  Tilley, Daniel, *Attorney for Plaintiffs-Appellees*

206.  Todd, Stephen, *Attorney for Defendant*

207.  Turner, Ron, *Defendant*

208.  UnidosUS, *Plaintiff-Appellee*

209.  Uthmeier, James, Florida Attorney General, *Defendant-Appellant*

210.  Valenti, Leah, *Defendant*

211.  Vilar, Marcos, *Declarant for Plaintiffs-Appellees*

212.  Villane, Tappie, *Defendant*

213.  Volusia County Attorney's Office, *Attorneys for Defendant*

214.  Voters of Tomorrow Action, Inc., *Plaintiff-Appellee*

215.  Walker, Gertrude, *Defendant*

216.  Walker, Mark E., *U.S. District Court Judge*

217.  Ward, Nina, *Defendant*

218.  Warren, Nicholas, *Attorney for Plaintiffs-Appellees*

219.  Wermuth, Frederick, *Attorney for Plaintiffs-Appellees*

220.  Wertz, Debbie, *Defendant*

221.  White, Christina, *Former Defendant*

*Hispanic Federation, et al. v. Florida Secretary of State, et al.*
No. 24-11892 (consolidated with 25-12813)

222.   Wilcox, Wesley, *Defendant*

223.   Williams, H. Russell, *Defendant*

224.   Williams, Kenya, *Defendant*

225.   Wyler, Douglas, *Attorney for Defendants*

Per Circuit Rule 26.1-2(c), Defendants-Appellants Florida Secretary of State and

Florida Attorney General certify that the CIP contained herein is complete.

Dated: February 5, 2026

/s/ Stephanie Morse                          /s/ Mohammad O. Jazil
Stephanie Morse                              Mohammad O. Jazil
*Counsel for Defendant-Appellant Florida*    *Counsel for Defendant-Appellant Florida*
*Attorney General*                           *Secretary of State*

# TABLE OF CONTENTS

Certificate of Interested Persons ............................................................. C-1

Table of Authorities ............................................................................... ii

Argument ............................................................................................... 1

      I. Florida's citizenship restriction serves a political function, complies with the principles of equal protection, and should be allowed to go into effect ............. 1

      II. At the very least, Florida's citizenship restriction isn't facially unconstitutional under the equal protection clause ................................. 6

Conclusion ............................................................................................ 9

Certificate of Compliance ...................................................................... 11

Certificate of Service ............................................................................. 11

# TABLE OF AUTHORITIES

## Cases

*Ambach v. Norwick*,
  441 U.S. 68 (1979) ................................................................... 2

*\*Bernal v. Fainter*,
  467 U.S. 216 (1984) ............................................................ 1, 2, 3

*\*Cabell v. Chavez-Salido*,
  454 U.S. 432 (1982) ......................................................... 1, 2, 3, 4

*\*Cervantes v. Guerra*,
  651 F.2d 974 (5th Cir. Unit A July 1981) ................................. 2

*Club Madonna, Inc. v. City of Miami Beach*,
  42 F.4th 1231 (11th Cir. 2022) ............................................... 6

*Doe v. Evans*,
  814 So. 2d 370 (Fla. 2002) ..................................................... 3

*Donahue v. Davis*,
  68 So. 2d 163 (Fla. 1953) ....................................................... 3

*Eknes-Tucker v. Governor of the State of Alabama*,
  80 F.4th 1205 (11th Cir. 2023) ............................................... 5

*\*Estrada v. Becker*,
  917 F.3d 1298 (11th Cir. 2019) ............................................... 7

*Florida State Conference of Branches & Youth Units of the NAACP v. Byrd*,
  794 F. Supp. 3d 1131 (N.D. Fla. 2025) .................................... 8

*Foley v. Connelie*,
  435 U.S. 291 (1978) ............................................................... 7

*Heller v. Doe*,
  509 U.S. 312 (1993) ............................................................... 5

*In re Griffiths*,
413 U.S. 717 (1973) ........................................................................... 1-2

*League of Women Voters of Florida, Inc. v. Florida Secretary of State*,
66 F.4th 905 (11th Cir. 2023) ................................................................ 5

*LeClerc v. Webb*,
419 F.3d 405 (5th Cir. 2005) ................................................................. 7

*Leib v. Hillsborough County Public Transportation Commission*,
558 F.3d 1301 (11th Cir. 2009) ............................................................. 5

*Quinn v. Phipps*,
113 So. 419 (Fla. 1927) ........................................................................ 3

*Shen v. Commissioner, Florida Department of Agriculture*,
158 F.4th 1227 (11th Cir. 2025) ......................................................... 7-8

*Skafte v. Rorex*,
430 U.S. 961 (1977) .............................................................................. 1

*Takahashi v. Fish & Game Commission*,
334 U.S. 410 (1948) .............................................................................. 1

*Trump v. CASA, Inc.*,
606 U.S. 831 (2025) .............................................................................. 8

*United States v. Salerno*,
481 U.S. 739 (1987) .............................................................................. 8

*Village of Arlington Heights v. Metropolitan Housing Development Corp.*,
429 U.S. 252 (1977) .............................................................................. 5

*Young Israel of Tampa, Inc. v. Hillsborough Area Regional Transit Authority*,
89 F.4th 1337 (11th Cir. 2024) .......................................................... 7, 8

**Statutes**

Fla. Stat. § 97.0575 ..................................................................... 1, 2, 7

## ARGUMENT

**I.    Florida's citizenship restriction serves a political function, complies with the principles of equal protection, and should be allowed to go into effect.**

It's undisputed that 3PVROs take completed voter registration forms from Floridians and turn them into elections officials so that eligible Floridians can register to vote. That's their sole function. In this way, every canvasser working for a 3PVRO "serves as a *fiduciary* to the applicant"—an agent of the voter so that the voter can get on the voting rolls to vote. Fla. Stat. § 97.0575(5)(a) (emphasis added). Plaintiffs apply a rigid test to argue that this function isn't political. They are wrong.

*First*, the test. Plaintiffs ignore that the "limits" of the political function exception "are not easily defined." *Cabell v. Chavez-Salido*, 454 U.S. 432, 440 n.7 (1982). It's for this reason that what Plaintiffs see as a dispositive two-part test isn't that; it's merely a starting point to "focus" the "inquiry." *Bernal v. Fainter*, 467 U.S. 216, 224 (1984). The true "dispositive factor" is "the actual *function* of the position." *Id.* at 223.

The question of whether the political function exception applies turns on the specific responsibilities involved. *See id.*; *Cabell*, 454 U.S. at 440. Some activities (like fishing off California, *Takahashi v. Fish & Game Commission*, 334 U.S. 410 (1948)) are of a purely economic nature and fall on one end of the continuum. Others (like voting, *Skafte v. Rorex*, 430 U.S. 961 (1977)) are of a purely political nature and fall on the other end of the continuum. Keeping non-citizens from being lawyers, *In re Griffiths*, 413 U.S. 717, 729 (1973), falls closer to the economic end of the continuum. Not so for teachers,

1

*Ambach v. Norwick*, 441 U.S. 68, 80-81 (1979), and probation officers, *Cabell*, 454 U.S. at 447.

*Second*, and relatedly, there's no bright-line rule saying that only public employment triggers the public function exception. *See* Hisp. Fed'n Br. at 24. The former Fifth Circuit applied the political function exception to members of a non-profit organization that "combine[d] federal, state, and private" responsibilities. *Cervantes v. Guerra*, 651 F.2d 974, 977 (5th Cir. Unit A July 1981). Serving on a jury isn't public employment either but falls squarely within the exception. *Id.* at 980-81 (citing *Perkins v. Smith*, 426 U.S. at 913, 913 (1976)). What's more, the Supreme Court has already rejected equating "political function" with "political position." *Bernal*, 467 U.S. at 223 ("This Court, however, has never deemed the *source* of a position—whether it derives from a State's statute or its Constitution—as the dispositive factor in determining whether a State may entrust the position only to citizens. Rather, this Court has always looked to the actual *function* of the position as the dispositive factor.").

*Third*, anyone working for a 3PVRO "serves as a fiduciary to the applicant," i.e., the person trying to register to vote. Fla. Stat. § 97.0575(5)(a). The *only* responsibility of the 3PVRO canvasser is to "ensure that any voter registration application entrusted to [him or her], irrespective of party affiliation, race, ethnicity, or gender, is promptly delivered to the division or the supervisor of elections." *Id.* 3PVRO canvassers have been recognized as fiduciaries since section 97.0575 was first enacted in 2005. *See* Ch. 2005-277, Laws of Fla. Under Florida law, as a fiduciary, the 3PVRO canvasser works

in the best interests of the putative voter, not the canvasser's own interests; the canvasser owes a duty of loyalty, care, and good faith efforts to the person who entrusted a voter registration application to the canvasser. *See, e.g.*, *Doe v. Evans*, 814 So. 2d 370, 374 (Fla. 2002) (discussing fiduciary relationships); *Donahue v. Davis*, 68 So. 2d 163, 171 (Fla. 1953) (same); *Quinn v. Phipps*, 113 So. 419, 420-21 (Fla. 1927) (same).

Of course, registering to vote is the necessary first step in casting a vote. And voting is the quintessential public function. A 3PVRO canvasser's sole function is thus "so bound up with the operation of the State as a governmental entity as to permit the exclusion from those functions of all persons who have not become part of the process of self-government." *Cabell*, 454 U.S. at 439 (quoting *Ambach*, 441 U.S. at 73-74).

*Finally*, Plaintiffs' other arguments concerning the public function exception are unavailing. Consider the following:

Plaintiffs are wrong in comparing a 3PVRO canvasser's *sole* function to the *many* functions of a notary. *Bernal* said this about the work of a notary before concluding that the public function exception did not apply: among other things, notaries "acknowledge instruments such as wills and deeds and leases and mortgages," "take out-of-court depositions," and "administer oaths." 467 U.S. at 224. Some of these functions might touch on public responsibilities, others are mostly economic. But for 3PVRO canvassers, the only function is delivering completed voter registration forms to election officials. This one and only function makes the 3PVRO canvasser a cog in the election machinery, one with a duty to serve the citizen attempting to register to vote.

3

Plaintiffs also miss the mark with their continued focus on the alleged overinclusiveness and underinclusiveness of the citizenship restriction. As the State explains in its initial brief, the restriction is neither overinclusive nor underinclusive. Int. Br. at 19-20. Regardless, Plaintiffs err in their continued call for rigidity when the precedent calls for flexibility. *Cabell*, for example, rejected Plaintiffs' approach that "if the statute was overinclusive at all, it could not stand." 454 U.S. at 442. "This is not the proper standard," explained the Supreme Court. *Id.* "Rather, the inquiry is whether the restriction reaches so far and is so broad and haphazard as to belie the State's claim that it is only attempting to ensure that an important function of government be in the hands of those having the 'fundamental legal bond of citizenship.'" *Id.* (quoting *Ambach*, 441 U.S. at 75). "Under this standard, the classifications used need not be precise; there need only be a substantial fit," *id.*, which the classification covering *over seventy positions* in *Cabell* still had, *see id.* at 441-42. The ten positions (or rather tasks in the process of collecting voter registration applications) Plaintiffs point to surely fit. *See* His. Fed'n Br. at 29-30.

And Plaintiffs make a bit of a mess with the evidence. True, they succeeded at summary judgment on the citizenship restriction; however, at trial, it was Plaintiffs who decided to open themselves and their representatives to cross-examination on this very provision. That decision by Plaintiffs allowed the State to obtain the evidence it didn't have earlier in the case: an example of a likely non-citizen canvasser for a 3PVRO leaving the State of Florida without first returning the forms entrusted to her. *See* Int.

4

Br. at 21. With the political function exception, the State needs only "rational speculation" to prevail. *Eknes-Tucker v. Governor of the State of Ala.*, 80 F.4th 1205, 1225 (11th Cir. 2023). Yet Plaintiffs' trial tactics have turned rational speculation about non-citizen canvassers leaving into hard proof obtained at trial. Given the trial record, it's difficult to see how Plaintiffs can now "negate every conceivable basis" that supports the State's choices. *Leib v. Hillsborough Cnty. Pub. Transp. Comm'n*, 558 F.3d 1301, 1306 (11th Cir. 2009) (citing *Heller v. Doe*, 509 U.S. 312, 320 (1993)).

Perhaps recognizing that they don't have a case to make under the rational basis test, Plaintiffs invoke alleged animus toward non-citizens. If Plaintiffs are attempting to make their case through the framework from *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252 (1977), then they haven't worked through the list of factors that apply. Take the factor concerning statements from key legislators. NAACP Plaintiffs don't include a single quotation from a legislator demonstrating animus. Hispanic Federation Plaintiffs don't provide any statements showing clear animus, either. The closest they come is a statement about how non-citizens are "individuals who either are actively committing a crime every day," which is true if non-citizens are in the country illegally, "to individuals who really don't have much stake in the election at all." His. Fed'n Brief at 14. Even if this statement could establish animus, "the explanatory value of an isolated statement" is "limited." *League of Women Voters of Fla., Inc. v. Fla. Sec'y of State*, 66 F.4th 905, 932 (11th Cir. 2023). Not to mention that no

member of the Florida Legislature made the statement, only a corporate representative for the Secretary. His. Fed'n Br. at 14.

In sum, the political function exception applies. There's a rational basis for the State's citizenship restriction. Just as the State of Florida can bar Californians and Texans from tabulating its election results, Florida can bar the citizens of other countries from helping Floridians register to vote.

## II. At the very least, Florida's citizenship restriction isn't *facially* unconstitutional under the equal protection clause.

The citizenship restriction isn't facially unconstitutional, either. In arguing otherwise, Hispanic Federation Plaintiffs say that the State's argument would make even the following fictional statute facially constitutional: "Black people cannot vote in state or federal elections." His. Fed'n Brief at 41. No, it won't.

In Plaintiffs' hypothetical statute, the distinction between who can and can't vote turns on race. The out group is "black voters." The in group is all other voters. This classification is suspect and triggers strict scrutiny. That's so anytime the statute is applied—anytime a voter is kept from voting because he or she is black. To borrow from this Court's decision in *Club Madonna v. City of Miami Beach*, the statute is facially unconstitutional because it "fails the relevant constitutional test" every time it's applied. 42 F.4th 1231, 1256 (11th Cir. 2022).

Now, take a statute that says the following: "No one on a work visa can serve as a canvasser for a 3PVRO." The out group is those in the country "on a work visa." The

in group is everyone else. So long as there's a rational basis to support this law, this law can't be facially unconstitutional. Rational basis is the relevant constitutional test; "[t]he Supreme Court has never applied strict scrutiny review to a state law affecting any alienage classifications except for those involving resident aliens or permanent resident aliens." *Estrada v. Becker*, 917 F.3d 1298, 1309 (11th Cir. 2019) (brackets and omission removed) (quoting *LeClerc v. Webb*, 419 F.3d 405, 416 (5th Cir. 2005)).

Next, consider the statute actually at issue here: it limits the "collecting or handling" of "voter registration applications" to a "citizen of the United States." Fla. Stat. § 97.0575(1)(f). The in group is citizens. The out group is non-citizens. Given Supreme Court precedent, however, there's no one constitutional test that applies. Rational basis applies to the illegal alien, the student visa holder, the temporary worker, the asylum seeker, and anyone else for whom there's been no "congressional determination to admit the alien to permanent residence" as a member of "the community." *Foley v. Connelie*, 435 U.S. 291, 295 (1978). But, absent the political function exception, strict scrutiny is the relevant test only when a legal permanent resident is concerned. *See Estrada*, 917 F.3d at 1310-11; *LeClerc*, 419 F.3d at 415. It follows that the law is constitutional when applied to anyone other than a legal permanent resident given the rational basis test (and the assumption that there's no political function).

Neither *Shen v. Commissioner, Florida Department of Agriculture*, 158 F.4th 1227 (11th Cir. 2025), nor *Young Israel of Tampa, Inc. v. Hillsborough Area Regional Transit Authority*, 89 F.4th 1337 (11th Cir. 2024), undercuts the State's argument. In *Shen*, the challenged

7

provision "d[id] not apply to United States citizens and lawful permanent residents." 158 F.4th at 1254. That means that the Court didn't have the opportunity to decide how the no-set-of-circumstances test would work with a statute that excluded all non-citizens. And *Young Israel* turned on vagueness, one of the few species of constitutional cases where *Salerno* isn't quite applicable; "the Supreme Court has cut back on the broad statement in *Salerno*" where "vagueness is the constitutional vice." *Young Israel*, 89 F.4th at 1350. This isn't a vagueness case.

Finally, NAACP Plaintiffs argue that facial constitutionality isn't an issue here because of the limited scope of the district court's injunction. That argument distorts the decision below. Before applying the injunction, the district court held that the citizenship restriction was "facially discriminatory." *Fla. State Conf. of Branches & Youth Units of the NAACP v. Byrd*, 794 F. Supp. 3d 1131, 1164 (N.D. Fla. 2025). It then limited the scope of the injunction because "[t]he Supreme Court recently held that district courts lack authority to universally enjoin the enforcement of an executive or legislative policy." *Id.* (citing *Trump v. CASA, Inc.*, 606 U.S. 831 (2025)). Nothing in the injunction's limited scope changed the fact that its basis was a finding of facial unconstitutionality. On appeal, the State should be allowed to challenge this basis.

In sum, it's neither hypothetical nor irrelevant to consider the citizenship restriction's application to illegal aliens, asylum seekers, student visa holders, and temporary workers. All fall within the broader category of non-citizens. All are impacted by Florida's citizenship restriction. And for all but the legal permanent resident—even

8

if the public function exception doesn't apply—the statute is subject to rational basis review and is constitutional.

## <u>CONCLUSION</u>

For these reasons, the State asks this Court to reverse the district court's decision. Florida should be allowed to implement its citizenship restriction.

Dated: February 5, 2026

JAMES UTHMEIER
  *Attorney General*

/s/ William H. Stafford III
William H. Stafford III
Stephanie Morse
OFFICE OF THE ATTORNEY GENERAL
PL-01, The Capitol
Tallahassee, Florida 32399
(850) 414-3300
William.stafford@myfloridalegal.com
Stephanie.morse@myfloridalegal.com

Ashley E. Davis
  GENERAL COUNSEL
FLORIDA DEPARTMENT OF STATE
R.A. Gray Building, Suite 100
500 South Bronough Street
Tallahassee, Florida 32399
(850) 245-6536
Ashley.Davis@dos.fl.gov

/s/ Mohammad O. Jazil
Mohammad O. Jazil
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK PLLC
119 South Monroe Street, Suite 500
Tallahassee, Florida 32301
(850) 391-0503
mjazil@holtzmanvogel.com
zbennington@holtzmanvogel.com

*Counsel for Defendant-Appellant Florida*
*Attorney General*

*Counsel for Defendant-Appellant Florida*
*Secretary of State*

10

**CERTIFICATE OF COMPLIANCE**

This brief complies with Rule 32(a)(7)(B)(i) because it contains 2,229 words, excluding the parts that can be excluded. This brief also complies with Rule 32(a)(5)-(6) because it has been prepared in a proportionally spaced face using Microsoft Word 2016 in 14-point Garamond font.

Dated: February 5, 2026               <u>/s/ Mohammad O. Jazil</u>
                                         Mohammad O. Jazil

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was filed on ECF.

Dated: February 5, 2026               <u>/s/ Mohammad O. Jazil</u>
                                           Mohammad O. Jazil